# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| THE REINALT-THOMAS CORPORATION d/b/a DISCOUNT TIRE, | |
| Plaintiff, | CIVIL ACTION NO. 25-6087 |
| v. | **JURY TRIAL DEMANDED** |
| SAMIR SHARABATEE and HINSDALE DISCOUNT TIRES AND AUTOMOTIVE, INC., | |
| Defendants. | |

## COMPLAINT

Plaintiff The Reinalt-Thomas Corporation doing business as Discount Tire ("Discount Tire") brings this Complaint against Defendant Samir Sharabatee and Defendant Hinsdale Discount Tires and Automotive, Inc. ("Hinsdale Discount Tires") and alleges as follows:

### NATURE OF THE ACTION AND BACKGROUND

1.      Plaintiff brings this case against Defendants to obtain judicial relief from Defendants' willful infringement of Plaintiff's federal and common law trademarks, including the incontestable federal registrations for the standard

character mark DISCOUNT TIRE (U.S. Reg. No. 4,639,389) and design mark

**DISCOUNT TIRE** (U.S. Reg. No. 1,319,968) (collectively the "DISCOUNT TIRE Marks").

2. Discount Tire is the largest independent tire and wheel retailer in the country and operates over 1,200 stores in 38 states, including 38 stores in Illinois, alone. Discount Tire has several locations in and around Chicago.

3. Consumers throughout the U.S. – and certainly in Illinois – have come to know and trust the goods and services Plaintiff offers under its DISCOUNT TIRE Marks.

4. Defendants' store operates under the confusingly similar name "Hinsdale Discount Tires[1]."

5. Plaintiff's national rights to the DISCOUNT TIRE Marks long pre-date Defendants' entries into the market.

6. Defendants knew or should have known of Plaintiff's presence nationally and in the Illinois market.

---

1 Defendant Hinsdale Discount Tires uses inconsistent marketing. Yelp and Google list the entity to consumers as operating under the name "Hinsdale Discount Tires." Signage at the brick and mortar location uses "Hinsdale Discount Tires & Automotive." The homepage of the infringing domain hinsdalediscounttiresautomotive.com lists the entity name as "Hinsdale Discount Tires and Automotive." The website hosted at the domain lists the contact email as "hinsdalediscounttires@gmail.com." Testimonials on the website hosted at the infringing domain, as well as consumers on Google and Yelp, regularly refer to said Defendant as "Hinsdale Discount Tires." All variations infringe upon Plaintiff's rights in the DISCOUNT TIRE Marks. For the purposes of uniformity, Plaintiff refers to this Defendant as "Hinsdale Discount Tires."

7. Defendants knowingly and intentionally began operating in a geographic market and the retail tire industry where Plaintiff and its DISCOUNT TIRE Marks were already well established, with the intent of trading on Plaintiff's goodwill associated with the DISCOUNT TIRE Marks.

8. Defendants seek to confuse consumers into believing the "Hinsdale Discount Tires" store, as well as the website hosted at domain hinsdalediscounttiresautomotive.com, are affiliated or connected with Plaintiff where no such affiliation or connection exists.

9. In an effort to protect the public from ongoing confusion and deception, and to prevent the further harm to Plaintiff's valuable trademarks, Plaintiff brings this action to prevent Defendants from using "Hinsdale Discount Tires" in violation of Plaintiff's trademark rights.

10. Plaintiff also seeks monetary damages and—because Defendants' conduct is willful, wanton, and in total disregard of Plaintiff's prior trademark rights—punitive damages and attorneys' fees.

## THE PARTIES

11. Plaintiff is a Michigan corporation with its principal place of business in Scottsdale, Arizona. At all relevant times, Plaintiff has been the exclusive

3

licensee or owner of all federal, state, and common law rights in and to the DISCOUNT TIRE Marks.

12.     On information and belief, Defendant Samir Sharabatee is an individual residing in the State of Illinois.

13.     Illinois Secretary of State records indicate Defendant Hinsdale Discount Tires is a business incorporated in the State of Illinois with a principal place of business at 5837 S. Madison Street, Hinsdale, IL 60521.

14.     Illinois Secretary of State records indicate Defendant Sharabatee is the President and Secretary of Hinsdale Discount Tires.

## JURISDICTION AND VENUE

15.     This Court has jurisdiction over the subject matter of this action pursuant to provisions of the Lanham Act, 15 U.S.C. § 1051.

16.     This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a).

17.     This Court has personal jurisdiction over Defendant Sharabatee because he is an Illinois resident.

18.     The Court has personal jurisdiction over Hinsdale Discount Tires because its primary place of business is located within the State of Illinois at 5837 S. Madison Street, Hinsdale, IL 60521.

4

19.     Plaintiff's claims against Defendant Hinsdale Discount Tires arise from Defendant Hinsdale Discount Tires' business operations in Illinois.

20.     Plaintiff's claims against Defendant Sharabatee arise from Defendant Sharabatee's actively and knowingly directing trademark infringement by Hinsdale Discount Tires in Illinois.

21.     Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Defendants are subject to personal jurisdiction in this District and a substantial portion of the events or omissions giving rise to the claims occurred in this District.

## FACTUAL ALLEGATIONS

### A.     The "DISCOUNT TIRE" Marks

22.     Plaintiff is one of this country's great business success stories. Indeed, the story of Mr. Bruce T. Halle and Plaintiff represents the American dream.

23.     In 1960, Mr. Halle started his business as "Discount Tire," a one-man operation with a single storefront in Michigan and an inventory of six tires (four of which were retreads). By the end of 1972, Plaintiff had multiple DISCOUNT TIRE stores in two different states—at least four in Arizona and twelve in Michigan. Through extraordinary hard work and determination, Mr. Halle turned his business into the world's largest independent tire and wheel retailer with the most recognized brand name in the industry.

24.     Plaintiff is the largest independent tire and wheel retail operation in the nation. In 2020, Plaintiff ranked 80th on the Forbes' list of "America's Largest Private Companies."

25.     Today, Plaintiff employs more than 30,000 people and operates over 1,200 DISCOUNT TIRE stores in 38 states from Seattle, Washington to Tallahassee, Florida, and from Minneapolis, Minnesota, to Brownsville, Texas (Texas's southern-most tip).

26.     Plaintiff has used its iconic DISCOUNT TIRE Mark, widely and continuously since at least 1960 when Mr. Halle opened the first Discount Tire Co. store on Stadium Boulevard in Ann Arbor, Michigan.

27.     Plaintiff has promoted the word mark DISCOUNT TIRE without any associated design elements. Since at least as early as 1975, Plaintiff has also simultaneously used continuously and widely its stylized trademark:



28.     Over the past sixty-five years, Plaintiff has spent over a billion dollars promoting its DISCOUNT TIRE Marks in association with its tire and wheel business nationwide.

6

29.     Specifically, Plaintiff has promoted, sponsored, and advertised its DISCOUNT TIRE Marks through television commercials, radio commercials, print advertisements, billboards, store signage, sponsorships, and marketing materials.

30.     One of Plaintiff's earliest television commercials (first aired in 1975) was a ten-second feature showing an older woman throwing a tire through a glass storefront of a "Discount Tire" store. The commercial included the following statement: "If ever you're not satisfied with one of our tires, please feel free to bring it back. Thank you, Discount Tire Company."



31.     The commercial, which came to be known as the "Thank You ad," was named "The World's Best Broadcasting Advertisement" by the Hollywood Radio and Television Society in 1976.

32.     The Thank You ad was so popular with the public that Plaintiff continues to air the original commercial to the present date, and in October 2004, the

Thank You ad earned Plaintiff a place in the Guinness World Records for the Longest Running TV Commercial.

33.     As a result of Plaintiff's marketing campaign over the past six-and-a-half decades, the scope and extent of its promotion and use of the DISCOUNT TIRE Marks, the DISCOUNT TIRE Marks have become prominent and well-known.

34.     Since 1995, Plaintiff has used the Internet, including its e-commerce platform at discounttire.com, to promote its DISCOUNT TIRE Marks in connection with the sale of tires, wheels, and related services.

35.     Through its use of its DISCOUNT TIRE Marks in all manner of retail and online promotion, advertising, sponsorships, and marketing, Plaintiff has achieved billions of dollars in retail sales.

36.     As a result of Plaintiff's long-term and continuous use, the DISCOUNT TIRE Marks are widely recognized by the general consuming public in Illinois and elsewhere throughout the United States as a source of Plaintiff's tires, wheels, and related services.

**B.      The "DISCOUNT TIRE" Federal Registrations**

37.     On February 13, 1981, Plaintiff's late owner and founder, Mr. Bruce Halle, filed an application for federal registration of the mark DISCOUNT TIRE

CO. INC. plus stylized design with the United States Patent and Trademark Office ("USPTO"), claiming first use in commerce at least as early as April 29, 1975.

38.     The USPTO issued a registration for that mark on February 12, 1985, in connection with "retail auto and light truck tire store services" (U.S. Reg. No. 1,319,968). This registration was later amended in 2008 to reflect Plaintiff's use of the mark as simply DISCOUNT TIRE & Design:



39.     The DISCOUNT TIRE design mark registration is incontestable under Lanham Act § 15, 15 U.S.C. § 1065.

40.     On June 23, 2013, Mr. Halle filed an application for federal registration for the word mark DISCOUNT TIRE (without any design element) claiming first use in commerce on November 1, 1970. The application was based on Lanham Act § 2(f) and supported by evidence that the word mark had become distinctive for the goods and services. Persuaded by this and other evidence, the USPTO issued a registration on November 18, 2014, for the word mark DISCOUNT TIRE in connection with "retail store services, namely, automobile and light truck tires and wheels" (U.S. Reg. No. 4,639,389).

41.    The DISCOUNT TIRE standard character word mark registration is "incontestable" under Lanham Act §15, 15 U.S.C. § 1065.

42.    Plaintiff has otherwise conclusively established exclusive rights in and to the DISCOUNT TIRE Marks for its services. For example, in 2019, the District Court for the Northern District of Georgia agreed with the USPTO, finding the DISCOUNT TIRE word mark to be distinctive and enforceable. *See Reinalt-Thomas Corp. v. Mavis Tire Supply, LLC*, 391 F. Supp. 3d 1261, 1274, 1282 (N.C. Ga. 2019) (confirming validity of the DISCOUNT TIRE Marks and granting preliminary injunction against defendant's use of confusingly similar "Mavis Discount Tire" mark).

43.    At all relevant times, Plaintiff has been either the exclusive licensee, or, more recently, the owner by assignment, of all federal, state, and common law rights in and to the DISCOUNT TIRE Marks, including, without limitation, the rights associated with the above-referenced federal registrations.

44.    Plaintiff operates stores under the DISCOUNT TIRE Marks in the following 38 states: Alabama, Arizona, Arkansas, California, Colorado, Florida, Georgia, Idaho, **Illinois**, Indiana, Iowa, Kansas, Kentucky, Louisiana, Michigan, Minnesota, Mississippi, Missouri, Montana, Nebraska, Nevada, New Mexico, North Carolina, North Dakota, Ohio, Oklahoma, Oregon, Pennsylvania, South Carolina,

South Dakota, Tennessee, Texas, Utah, Virginia, Washington, West Virginia, Wisconsin, and Wyoming.

**C. Defendants' Willful Infringement of the DISCOUNT TIRE Marks**

45.     Defendants offer nearly identical goods and services to those Plaintiff offers, *i.e.*, the sale and service of tires and wheels.

46.     Plaintiff did not give, and has never given, Defendants permission to use the DISCOUNT TIRE Marks for any reason.

47.     In 2015, two decades after Plaintiff entered the Illinois market, Defendant Sharabatee opened a business under the name "Chicago Discount Tires" in Franklin Park, Illinois.



48.     Defendant     Sharabatee     registered     the     domain     name chicagodiscounttires.com to market the business.

49. In 2017, Plaintiff discovered Defendant Sharabatee was using the DISCOUNT TIRE Marks, and Plaintiff sent a letter to Defendant Sharabatee demanding he cease all infringing use of the DISCOUNT TIRE Marks, including via the domain name chicagodiscounttires.com.

50. Following the demand letter, Defendant Sharabatee surrendered the domain name chicagodiscounttires.com.

51. Over the next four years, Plaintiff engaged in substantial policing of the DISCOUNT TIRE Marks. *See, e.g.*, *The Reinalt-Thomas Corp. v. Mavis Tire Supply, LLC*, No. 1:18-cv-5877-TCB (N.D. Ga.) (filed Dec. 26, 2018); *The Reinalt-Thomas Corporation v. Klingair, LLC*, No. 2:23-cv-00239 (D. Wyo.) (filed Dec. 19, 2023); *The Reinalt-Thomas Corporation v. TexhBlox Hostmaster*, discounttiresales.com (WIPO) (filed May 20, 2024); *The Reinalt-Thomas Corporation v. Trivette Larry*, discounttire-us.com (WIPO) (filed Sept. 12, 2024).

52. In 2021, despite knowledge of Plaintiff's rights in the DISCOUNT TIRE Marks and Plaintiff's explicit objection to Defendant Sharabatee's conduct, Defendant Sharabatee opened another business location under an infringing name — "Hinsdale Discount Tires" —located in Hinsdale, Illinois.



53.     Hinsdale Discount Tires is located less than ten miles from six of Plaintiff's stores.

54.     Defendant Sharabatee's use of the name Hinsdale Discount Tires is particularly confusing because the geographically descriptive nature of the name "Hinsdale," when used for a location in Hinsdale, IL, suggests to consumers that this is a Hinsdale location of Plaintiff's business.

55.     Defendants Sharabatee and Hinsdale Discount Tires also registered the domain name hinsdalediscounttiresautomotive.com.

56.     In 2023, upon learning of this expansion, Plaintiff promptly contacted Defendant Sharabatee once more, demanding Defendants cease their willful infringement of the DISCOUNT TIRE Marks.

57.     In telephone and email correspondence, Defendant Sharabatee

promised counsel for Plaintiff that Defendants would discontinue use of the DISCOUNT TIRE Marks and surrender the infringing domain name hinsdalediscounttiresautomotive.com.

58.     Defendant Sharabatee did not keep his promise.

59.     In response to Plaintiff's most recent and final demand, Defendant Sharabatee represented to Plaintiff's counsel that he sold and no longer controls the Chicago Discount Tire business. Accordingly, Plaintiff has not named Chicago Discount Tire as a defendant in this Complaint. However, Plaintiff reserves the right to amend this Complaint to add Chicago Discount Tire if Defendant Sharabatee's representation turns out to be untrue.

60.     Upon information and belief, Defendant Sharabatee actively and knowingly caused and was at all times directing the infringing activity described in this Complaint.

61.     Despite numerous communications from Plaintiff, Defendants are still acting in willful disregard for Plaintiff's rights in the DISCOUNT TIRE Marks. Plaintiff has exhausted all other options to protect its DISCOUNT TIRE Marks and now brings this lawsuit against Defendants.

<u>**COUNT ONE**</u>
**Federal Trademark Infringement (15 U.S.C. § 1114)**

62.     Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs.

63.     At all relevant times, Plaintiff has been the exclusive licensee or the owner of all rights in and to the DISCOUNT TIRE Marks.

64.     Defendants are making unauthorized use of the DISCOUNT TIRE Marks through the operation of a business under the name "Hinsdale Discount Tires."

65.     Defendants are making unauthorized use of the DISCOUNT TIRE Marks through the bad faith registration of hinsdalediscounttiresautomotive.com.

66.     Defendants' unauthorized use of the DISCOUNT TIRE Marks for directly competing goods is likely to cause confusion, mistake, or deception as to the source of Defendants' goods and services and creates the false impression of an affiliation, connection, or association of Defendants with Plaintiff.

67.     Defendants have acted willfully, deliberately, and with full knowledge of Plaintiff's exclusive rights in the DISCOUNT TIRE Marks.

68.     Plaintiff has been irreparably damaged by Defendants' willful actions.

69.     Unless this Court enjoins Defendants' unlawful use of the DISCOUNT TIRE Marks, Defendants' unlawful actions will continue to injure the public and cause Plaintiff irreparable harm.

## COUNT TWO
## Unfair Competition (15 U.S.C. § 1125)

70.     Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs.

71.     At all relevant times, Plaintiff has been the exclusive licensee or the owner of all rights in and to the DISCOUNT TIRE Marks.

72.     Defendants are making unauthorized use of the DISCOUNT TIRE Marks through the operation of a business under the name "Hinsdale Discount Tires."

73.     Defendants are making unauthorized use of the DISCOUNT TIRE Marks through the bad faith registration of hinsdalediscounttiresautomotive.com.

74.     Defendants' unauthorized use of the DISCOUNT TIRE Marks for directly competing goods is likely to cause confusion, mistake, or deception as to the source of Defendants' goods and services and creates the false impression of an affiliation, connection, or association of Defendants with Plaintiff.

75.     Defendants have acted willfully, deliberately, and with full knowledge of Plaintiff's exclusive rights in the DISCOUNT TIRE Marks.

76.     Plaintiff has been irreparably damaged by Defendants' willful actions.

77.     Unless this Court enjoins Defendants' unlawful use of the DISCOUNT TIRE Marks, Defendants' unlawful actions will continue to injure the public and cause Plaintiff irreparable harm.

## COUNT THREE
### Federal Cybersquatting (15 U.S.C. § 1125(d))

78.     Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs.

79.     At all relevant times, Plaintiff has been the exclusive licensee or the owner of all rights in and to the DISCOUNT TIRE Marks.

80.     Defendants registered and are using the domain hinsdalediscounttiresautomotive.com with the bad faith intent to profit from Plaintiff's DISCOUNT TIRE Marks and to confuse consumers into believing that Defendants are affiliated with or connected to Plaintiff.

81.     Plaintiff has been irreparably damaged by Defendants' bad faith actions.

82.     Unless this Court enjoins Defendants' unlawful use of the DISCOUNT TIRE Marks, Defendants' unlawful actions will continue to injure the public and cause Plaintiff irreparable harm.

## COUNT FOUR
## Common Law Trademark Infringement

83.    Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs.

84.    At all relevant times, Plaintiff has been the exclusive licensee or the owner of all rights in and to the DISCOUNT TIRE Marks.

85.    Defendants are making unauthorized use of the DISCOUNT TIRE Marks through the operation of a business under the name "Hinsdale Discount Tires."

86.    Defendants are making unauthorized use of the DISCOUNT TIRE Marks through the bad faith registration of hinsdalediscounttiresautomotive.com.

87.    Defendants' unauthorized use of the DISCOUNT TIRE Marks for directly competing goods is likely to cause confusion, mistake, or deception as to the source of Defendants' goods and services and creates the false impression of an affiliation, connection, or association of Defendants with Plaintiff.

88.    Defendants have acted willfully, deliberately, and with full knowledge of Plaintiff's exclusive rights in the DISCOUNT TIRE Marks.

89.    Plaintiff has been irreparably damaged by Defendants' willful actions.

90.     Unless this Court enjoins Defendants' unlawful use of the DISCOUNT TIRE Marks, Defendants' unlawful actions will continue to injure the public and cause Plaintiff irreparable harm.

## COUNT FIVE
### State Trademark Infringement (765 ILCS 1036/60)

91.     Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs.

92.     At all relevant times, Plaintiff has been the exclusive licensee or the owner of all rights in and to the DISCOUNT TIRE Marks.

93.     Defendants are making unauthorized use of the DISCOUNT TIRE Marks through the operation of a business under the name "Hinsdale Discount Tires."

94.     Defendants are making unauthorized use of the DISCOUNT TIRE Marks through the bad faith registration of hinsdalediscounttiresautomotive.com.

95.     Defendants' unauthorized use of the DISCOUNT TIRE Marks for directly competing goods is likely to cause confusion, mistake, or deception as to the source of Defendants' goods and services and creates the false impression of an affiliation, connection, or association of Defendants with Plaintiff.

96.     Defendants have acted willfully, deliberately, and with full knowledge of Plaintiff's exclusive rights in the DISCOUNT TIRE Marks.

97.     Plaintiff has been irreparably damaged by Defendants' willful actions.

98.     Unless this Court enjoins Defendants' unlawful use of the DISCOUNT TIRE Marks, Defendants' unlawful actions will continue to injure the public and cause Plaintiff irreparable harm.

**COUNT SIX**
**Unfair Competition and Deceptive Trade Practices (815 ILCS 510/1)**

99.     Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs.

100.    At all relevant times, Plaintiff has been the exclusive licensee or the owner of all rights in and to the DISCOUNT TIRE Marks.

101.    Defendants are making unauthorized use of the DISCOUNT TIRE Marks through the operation of a business under the name "Hinsdale Discount Tires."

102.    Defendants are making unauthorized of the DISCOUNT TIRE Marks through the bad faith registration of hinsdalediscounttiresautomotive.com.

103.    Defendants' unauthorized use of the DISCOUNT TIRE Marks for directly competing goods is likely to cause confusion, mistake, or deception as to the source of Defendants' goods and services and creates the false impression of an affiliation, connection, or association of Defendants with Plaintiff.

104.    Defendants' acts constitute a violation of Illinois' Uniform Deceptive Trade Practices Act, 815 ILCS 510, because they:

(a) cause likelihood of confusion or of misunderstanding as to the source, sponsorship, or approval of services;

(b) cause likelihood of confusion or of misunderstanding as to affiliation, connection, or association with another; and

(c) represent that services have sponsorship, approval, status, affiliation, or connection that they do not have.

105.    Defendants have acted willfully and deliberately and with full knowledge of Plaintiff's rights in the DISCOUNT TIRE Marks.

106.    Plaintiff has been irreparably damaged by Defendants' willful actions.

107.    Unless this Court enjoins Defendants' unlawful use of the DISCOUNT TIRE Marks, Defendants' unlawful actions will continue to injure the public and cause Plaintiff irreparable harm.

## **JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff respectfully request that this Court:

A.      Enter a judgement in favor of Plaintiff and against Defendants on all counts alleged in this Complaint;

B.      Enter an injunction permanently enjoining Defendants and any of Defendant Hinsdale Discount Tires' officers, directors, employees, agents, licensees, attorneys, subsidiaries, and affiliate companies, successors, and assigns, and any and all persons in active concert or participation with any of them, from directly or indirectly:

1.  Using the DISCOUNT TIRE Marks, including, without limitation, "Hinsdale Discount Tires" or any other copy, reproduction, or colorable imitation or confusingly similar variation thereof, in connection with Defendants' goods and services;

2.  Engaging in any action suggesting or tending to suggest that any good or service promoted, advertised, distributed, or offered for sale by Defendants originates from or is directly or indirectly sponsored by, approved by, affiliated with, or connected with Plaintiff;

3.  Conveying the impression to the public that any good or service offered by Defendants originates from or is directly or indirectly

sponsored by, approved by, affiliated with, or connected with Plaintiff; and

4.  Registering or using, in any manner, any domain name that incorporates the letter string "discounttire" or common variations or misspellings thereof;

C.  Enter an order requiring Defendant to surrender the domain name hinsdalediscounttiresautomotive.com to Plaintiff;

D.  Award Plaintiff its actual damages, including lost revenue, a reasonable royalty, and/or the cost of corrective advertising;

E.  Enter an order requiring Defendants to account for and disgorge all profits made by Defendants as a result of Defendants' unlawful actions;

F.  Award Plaintiff its reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1117 and the state statutes cited in this Complaint;

G.  Based on Defendants' willful and deliberate conduct, award Plaintiff treble damages and an enhancement of Defendants' profits pursuant to 15 U.S.C. §1117;

H.  Based on Defendants' willful, wanton, intentional, malicious, and bad faith actions, which were done with specific intent to cause harm to Plaintiff,

award Plaintiff punitive damages, pursuant to 35 ILCS 5/2-1115.05, in an amount sufficient to punish, penalize, and deter;

I.      Award Plaintiff pre-judgment and post-judgment interest;

J.      Enter an order requiring Defendants to file with the Court and serve upon Plaintiff a written report under oath setting out in detail the manner and form in which Defendants have complied with the injunction and judgment within 30 days after the service of the injunction and judgment on Defendants; and

K.      Award Plaintiff such other and further relief as this Court deems just and proper.

RESPECTFULLY SUBMITTED this 30th day of May, 2025.

/s/ *Isabella Salomão Nascimento*
Isabella Salomão Nascimento

**BALLARD SPAHR LLP**
Isabella Salomão Nascimento
2000 IDS Center, 80 South 8th Street
Minneapolis, MN 55402
salomaonascimentoi@ballardspahr.com
Telephone: 612.371.3211
Fax: 612.371.3207

Brian W. LaCorte (*pro hac vice* forthcoming)
Andrea Stone (*pro hac vice* forthcoming)
Andrew Hensley (*pro hac vice* forthcoming)
1 East Washington Street, Suite 2300
Phoenix, AZ 85004
lacorteb@ballardspahr.com

stonea@ballardspahr.com
hensleyd@ballardspahr.com
Telephone: 602.798.5400
Fax: 602.798.5595

*Attorneys for Plaintiff*
*The Reinalt-Thomas Corp.*